<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NAIDELYN SAMANTHA VICENTE CIFUENTES,<br><br>      Petitioner,<br><br>  v.<br><br>LUIS SOTO, *et al*<br>*Warden, Delaney Hall Detention Facility*<br><br>      Respondents. | Civil Action No. 25-18603 (GC)<br><br>**<u>MEMORANDUM & ORDER</u>** |

<u>**CASTNER, District Judge**</u>

  **THIS MATTER** comes before the Court on the filing of a counseled petition (Petition) of a writ of habeas corpus pursuant to 28 U.S.C. § 2241 by Petitioner Naidelyn Samantha Vicente Cifuentes.[1] (ECF No. 1.) Petitioner is an immigration detainee confined at the Delaney Hall Detention Facility in Newark, New Jersey. (*Id.* ¶ 1.) For the reasons stated below, the Petition is **DISMISSED without prejudice as moot**.

  In or about December 2013, Petitioner, a national of Guatemala, arrived at the United States/Mexico border in Arizona with her mother and brother. (*Id.* ¶ 61.) The three individuals were issued expedited orders of removal under U.S.C. § 1225(b), and Petitioner's mother requested

---

[1]  The Petition names as Respondents (in their official capacities) Luis Soto, Warden of the Delaney Hall Detention Facility; Ruben A. Perez, Acting Director of the Newark Field Office of U.S. Immigration and Customs Enforcement ("ICE"); Kristi Noem, Secretary of Homeland Security ("DHS"); and Pam Bondi, Attorney General of the United States. (ECF No. 1 at 1, ¶¶ 26-29.)

a credible fear interview. (*Id.* ¶ 62.) The family was paroled into the United States pursuant to 8 U.S.C. §1182(d)(5)(A). (*Id.* ¶ 4.)

Petitioner, her mother, and her brother attended the mother's credible fear interview with U.S. Citizenship and Immigration Services ("USCIS") on November 14, 2025. (*Id.* ¶ 63.) Petitioner and her brother were "derivatives of the application." (*Id.*) The officer found that the three individuals failed to establish a credible fear. (*Id.*) Petitioner and her mother requested review of the negative credible fear determination by an immigration judge ("IJ") pursuant to 8 C.F.R. § 1003.42(a). (*Id.* ¶ 64.) Petitioner, her mother, and her brother were detained by DHS. (*Id.*)

On December 14, 2025, Petitioner submitted her Petition. (ECF No. 1.) Petitioner claims that Respondents have violated her rights under the Procedural Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act ("INA"), and 8 C.F.R. § 1003.42(e) (stating that the IJ "shall conclude the review to the maximum extent practicable within 24 hours, but in no case later than 7 days after the date the supervisory asylum officer has concurred with the asylum officer's negative credible fear determination issued on the Form I-869") because, as of December 14, 2025, the Executive Office for Immigration Review had failed to schedule a hearing for an IJ to review the November 14, 2025 negative credible fear determination (and, in fact, evidently the matter had not yet been referred to an IJ). (*See Id.* ¶¶ 9, 11, 69-81.) Petitioner also claims that Respondents are wrongfully detaining her under the mandatory detention provisions of 8 U.S.C. §§ 1225(b)(1) and (b)(2). (*See id.* ¶¶ 76, 82-87.) According to the Petition, Petitioner is entitled to a bond hearing before an IJ pursuant to 8 U.S.C. § 1226(a). (*See id.* ¶ 87.)

2

On December 23, 2025, the IJ issued an order affirming the credible fear determination and returning the case to DHS for Petitioner's removal ("December 23, 2025 IJ Order"). (ECF No. 4-1 at 2.)

The Court entered the following Text Order on December 29, 2025:

> TEXT ORDER: This matter is before the Court on Petitioner's petition (Petition) for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) According to Petitioner, Respondents are presently detaining Petitioner under the mandatory detention provisions of 8 U.S.C. § 1225(b), pursuant to a July 8, 2025 Department of Homeland Security memorandum and the decision of the Board of Immigration Appeals in *In Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). (ECF No. 1 43-45.) Under this Court's recent decision in *Chen v. Soto*, No. 25-17198, 2025 WL 3527239 (D.N.J. Dec. 9, 2025), the Court holds that Petitioner is subject to detention under 8 U.S.C. § 1226(a), which requires an opportunity to seek bond, id. at *2-4. Specifically, it appears that, inter alia: (1) in or about December 2023 [sic], Petitioner arrived at the United Staes/Mexico border; (2) Petitioner was released on parole; (3) since her arrival and release, Petitioner has resided continuously in the United States; (4) Petitioner has no criminal record; and (5) on November 14, 2025, in the interior of the United States, Petitioner was detained following a credible fear interview. (ECF No. 1 5, 60-64, 67.) Based on these alleged facts, *Chen* controls this present matter. *Chen*, 2025 WL 3527239, at *4. In accordance with 8 U.S.C. § 1226(a), within seven (7) days of the date of entry of this Text Order, Respondents shall provide Petitioner with an individualized bond hearing before an immigration judge who shall assess whether she presents a flight risk or a danger to the community. Within three (3) days of that bond hearing, Respondents shall file a written notice of the outcome of that hearing with this Court. If Respondents contend that *Chen* does not control, they shall file an expedited answer within five (5) days of the date of entry of this Text Order, and Petitioner may file a reply within three (3) days of the date of filing of Respondents' expedited answer. Finally, the Clerk of the Court shall forward a copy of the Petition (ECF No. 1), the attached documents (ECF Nos. 1-1 through 1-6), and this Text Order to the Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov. So Ordered by Judge Georgette Castner on 12/29/2025.

(ECF No. 2.)

On January 2, 2026, Respondents filed an expedited letter answer, which includes the December 23, 2025 IJ Order as Exhibit A. (ECF Nos. 4 & 4-1.) According to Respondents, the present Petition is distinguishable from *Chen* because, while *Chen* concerned alleged detention under § 1225(b)(2), Petitioner, who "has now received an administratively final order of removal and determination that she lacks credible fear," is subject to mandatory detention "until removed" under 8 U.S.C. § 1225(b)(1)(B)(iii)((IV). (*Id.* at 1-2.) Respondents also acknowledge that '[s]ome courts have held that a noncitizen subject to an administrative final order of expedited removal, as Petitioner is here, may only be detained under 8 U.S.C. § 1231(a)." (*Id.* at 2 n.2 (citing *Mejia Rivera v. Florentino*, No. 25-18063, 2025 WL 3765061, at *2 (D.N.J. Dec. 30, 2025)).) Furthermore, Respondents argue that, to the extent Petitioner claims a violation of the INA and the applicable regulations on the grounds that the IJ had not yet reviewed the negative credible fear determination, her claim is moot because the IJ has affirmed the credible fear determination and ordered removal. (*Id.* at 3.)

Petitioner has not filed a reply to the Respondents' expedited letter answer.

The Court concludes that the entry of the December 23, 2025 IJ Order moots Petitioner's claims, which challenge her pre-removal detention.

In *Mejia Rivera*, the district court addressed the significance of a final expedited order of removal upholding a negative credible fear determination:

> "[I]n the deportation context, a 'final order of removal' is a final order concluding that the alien is deportable or ordering deportation." *Nasrallah v. Barr*, 590 U.S. 573, 579 (2020) (internal quotations omitted). "An expedited removal order is final when it orders an alien deported, and the order is not subject to administrative review." *Duyzings v. Warden, FCI Fort Dix*, No. 23-cv-21574, 2024 WL 1406647, at *3 (D.N.J. Apr. 2, 2024); *see also* 8 C.F.R. § 235.3(b)(2)(ii) (a noncitizen issued a notice and expedited order of removal under § 1225(b)(1) has "[n]o entitlement to hearings and appeals" before an immigration judge or the Board of

4

> Immigration Appeals). Immigration Judge Nicole Lane issued a final order on September 29, 2025. Accordingly, if any detention statute applies to Petitioner, it is the statute governing post-final orders of removal detention, 8 U.S.C. § 1231. *See Deshati v. Noem*, No. 25-cv-15940, 2025 WL 3204227, at *2 (D.N.J. Nov. 17, 2025).
>
> Petitioner asks the Court to rescind the expedited removal order because ICE is seeking removal beyond the statutory two-year limit. She argues her removal violates the Administrative Procedure Act. "[T]he Illegal Immigration Reform and Immigrant Responsibility Act of 1996 . . . authorizes noncitizens to obtain direct 'review of a final order of removal' in a court of appeals." *Nasrallah*, 590 U.S. at 579 (quoting 8 U.S.C. § 1252(a)(1)). Additionally, the REAL ID Act, Pub. L. No. 10943, 119 Stat. 231 (2005), "clarified that final orders of removal may not be reviewed in district courts, even via habeas corpus, . . . ." *Id.* at 580. "[A] petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal" and "includes all matters on which the validity of the final order is contingent." 8 U.S.C. § 1252(a)(5); *Nasrallah*, 590 U.S. at 582 (internal quotation marks omitted). This Court does not have jurisdiction to provide Petitioner's requested relief as it cannot review the validity of the final order.

*Mejia Rivera*, 2025 WL 3765061, at *2 (record citations omitted).

In the present matter, the IJ likewise issued a final order of removal on December 23, 2025. (ECF No. 4-1.) In the Petition (which was filed before the issuance of the December 23, 2025 IJ Order), Petitioner challenges her pre-removal detention, alleging that the IJ had failed to conduct a timely review of the asylum officer's negative credibility determination (a determination that the IJ subsequently upheld in the December 23, 2025 IJ Order) and that Petitioner was being illegally held under the incorrect pre-removal detention provisions. (*See* ECF No. 1 ¶¶ 69-87.) The entry of a final removal order "convert[s] [petitioner's] custody from a pre-removal detention to a post-removal detention" under § 1231, which "renders moot any assessment of whether petitioner's detention warrants pre-removal habeas relief." *Noah Zhe v. Green*, No. 17-7182, 2017 WL 4407934, at *2 (D.N.J. Oct. 4, 2017) (first citing *Rodney v. Mukasey*, 340 F. App'x 761, 764 (3d

Cir. 2009); then citing *Quezada v. Hendricks*, 821 F. Supp. 2d 702, 708 (D.N.J. 2011))).  Petitioner (unlike Mejia Rivera) does not challenge the final removal order.  In addition, Petitioner does not raise any "post-removal detention" claims.  *See* § 1231(a)(2)(A) (stating that, during the 90-day removal period, "the Attorney General shall detain the alien").

**IT IS**, therefore, on this 14th day of January 2026, **ORDERED** as follows:

1. The Petition (ECF No. 1) is **DISMISSED without prejudice as moot**.

2. The Clerk of the Court shall **CLOSE** this matter.

_____
GEORGETTE CASTNER
United States District Judge